```
        IN THE UNITED STATES DISTRICT COURT FOR THE
                 EASTERN DISTRICT OF VIRGINIA
                      ALEXANDRIA DIVISION
```

Association for Supervision    )
and                            )
Curriculum Development, Inc.   )
                               )
                               )
         Plaintiff,            )
                               )
v.                             )    CIVIL ACTION NO. 1:10cv74
                               )
International Council for      )
Education Reform and           )
Development, Inc.              )
                               )
         Defendant.            )

## MEMORANDUM ORDER

THIS MATTER is before the Court on Defendant International Council for Education Reform and Development, Inc.'s ("ICERD") Motion Regarding Objections to Magistrate Judge's Ruling and Recommendations. (Dkt. No. 87.) In its motion, Defendant objects to Magistrate Judge Anderson's order denying its Motion to Amend Counterclaims. The Court overrules Defendant's Objection and affirms Judge Anderson's order because there was no clear error.

### I. BACKGROUND

On September 10, 2010, ICERD moved to amend Counterclaim Count I which alleged tortious interference with contract. ICERD's amendment was intended to clarify that ICERD's tortious

interference claim encompasses both (1) an interference with contract, and (2) an interference with business expectancies. (Def.'s Mot. 1-2.) The amendment included a substantial change to Count I, Paragraph 26. *Id.* Originally, Paragraph 26 read:

> Likewise, in the months of January through April 2009, the MOE was impressed with ICERD's performance on the Teachers for the 21st Century Project. In March and April 2009 [sic] the MOE negotiated with Dr. Ghaly the signing of the second phase of the contract for the next 3 years. [Association for Supervision and Curriculum Development ("ASCD")] had no role or part in these negotiations.

*Id.* The proposed amendment to Paragraph 26 read as follows, with the proposed text underlined:

> Likewise, in the months of January through April 2009, the MOE was impressed with ICERD's performance on the Teachers for the 21st Century Project. In March and April 2009 the MOE negotiated with Dr. Ghaly the signing of the second phase of the contract for the next 3 years. ASCD had no role or part in these negotiations. <u>The MOE's RFP only guaranteed the first year of the project. ASCD, however, knew that ICERD had a legitimate business expectancy in the next phases of the Teachers for the 21st Century Project for the second and third year. Indeed, as early as June 2008, ASCD outlined to ICERD what it believed ICERD's goals should be for years two and three of the project. In August 2008, ASCD announced to its Board of Directors that the MOE had approved ASCD-ME's (ICERD's) proposal for a three year teacher professional development initiative for 10,000 teachers. Throughout 2008 and 2009, prior to ASCD's disaffiliation notice, ICERD continued to inform ASCD of the status of the subsequent phases, and ICERD's favorable position to be able to obtain those phases.</u>

*Id.* Judge Anderson denied ICERD's Motion to Amend, reasoning that there would be "prejudice to the other side by allowing

something to come in at this late stage of the proceedings." (R. 14-15.) Furthermore, if the allegations were true, Judge Anderson determined that the amendment could "require substantial new discovery." *Id.*

Defendant now objects to Judge Anderson's ruling, purporting that Judge Anderson clearly erred because he determined that the amendment created a new claim, rather than a clarification of the already-existing claim. Plaintiff declares that prejudice will result if the Court allows the amendment.

## II. DISCUSSION

### A. Standard of Review

The Court will not disturb a magistrate judge's ruling on nondispositive trial matters unless the ruling was "clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). A court's finding is "clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Attard Indus., Inc. v. U.S. Fire Ins. Co.*, No. 1:10cv121, 2010 WL 3069799, at *1 (E.D. Va. Aug. 5, 2010) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## III. ANALYSIS

The Court overrules Defendant's objection because Judge Anderson did not clearly err by denying Defendant's Motion to

Amend when the amendment introduced an entirely new cause of action.

According to the Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The United States Court of Appeals for the Fourth Circuit explained that "leave to amend a pleading should be denied when . . . the amendment would be prejudicial to the opposing party . . . ." *Laber v. Harvey*, 438 F.3d 404, 426-27 (4th Cir. 2006). It has further explained that an amendment is prejudicial if it "raises a new legal theory that would require the gathering and analysis of facts not already considered by the defendant shortly before or during trial." *Id.* (internal punctuation omitted).

The Court overrules the Defendant's objection because the amendment would prejudice ASCD by introducing a new cause of action requiring additional gathering and analysis of facts. Here, ICERD attempts to include a new legal theory—interference with business expectancy—to Counterclaim Count I.[1] ICERD's original counterclaim only alleged tortious interference with contracts, and the proposed amendment would add an entirely new cause of action. ASCD did not consider this additional legal

---

[1] The Supreme Court of Virginia recognizes that tortious interference with contract and tortious interference with business expectancy are two distinct causes of action. *Glass v. Glass*, 228 Va. 39, 51 (1984).

4

theory, and would be forced to re-gather and re-analyze the facts should the Court grant ICERD's Motion to Amend. Accordingly, the Court overrules ICERD's objection because Judge Anderson determined prejudice would result, and no mistake was committed by denying ICERD's motion.

## IV. CONCLUSION

The Court overrules ICERD's Objection because Judge Anderson did not commit clear error. It is hereby

ORDERED that Defendant International Council for Education Reform and Development, Inc.'s Motion Regarding Objections to Magistrate Judge's Ruling and Recommendations (Dkt. No. 87.) is OVERRULED. It is

FURTHER ORDERED that Judge Anderson's Order Denying ICERD's Motion to Amend (Dkt. No. 84) is AFFIRMED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this 15th day of November, 2010.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge